UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| TYRA JEFFERSON., | ) | C/A No.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT |
| -vs- | ) | (Jury Trial Demanded) |
| | ) | |
| ACTIVE DAY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

NOW COMES Plaintiff Tyra Jefferson, by and through undersigned counsel, complaining against Defendant, alleges as follows:

1. Plaintiff Tyra Jefferson is an individual residing in Richland County, South Carolina.

2. Defendant Active Day, INC. is, upon information and belief, a Delaware business entity subject to suit in South Carolina.  It is an adult day health center that also has home care operations. Its corporate office is located in Trevose, PA and Plaintiff worked at its location in Sumter, SC.

3. Venue is proper in this Court because the events giving rise to this action occurred in this county and/or Defendant transacts business in this county.

4. Plaintiff worked for Defendant for approximately nine to ten years.

5. Before the events described below, Plaintiff had no write-ups and no incidents.

6. Plaintiff is African American.

7. Plaintiff's superiors and upper management were white.

8. Plaintiff alleges that all conditions precedent to this action have been performed, satisfied, or have otherwise occurred, including exhaustion of her administrative remedies and receipt of a Notice of Right to Sue.

9. Plaintiff has obtained a Notice of Right to Sue, and the deadline reflected in her materials runs July 16.

10. On January 6, 2026, after returning from a two-week vacation, Plaintiff learned that another employee had resigned.

11. The following Tuesday, Plaintiff received a note stating that the departing employee had sent a hostile letter to Human Resources, the board chair, and the CEO, but the letter was not shared with Plaintiff.

12. The Human Resources personnel involved included Francis Tomeselli, Tyler Dunphy, and Stuart Myers.

13. Francis Tomeselli told Plaintiff that she had not paid the employee who left and said there would be an investigation on or about January 15, 2026.

14. The departing employee was then sent back to Plaintiff to get her pay card.

15. On January 26, 2026, Plaintiff's supervisor, Kimberly Jacobs, wrote Plaintiff up on the stated ground that Plaintiff had let the employee go.

16. The employee had quit rather than being terminated by Plaintiff.

17. The January 26 write-up accused Plaintiff of discrimination and harassment.

18. Francis had told Kimberly that the allegations against Plaintiff were unfounded.

19. Lindsey Schweinger, Kimberly Jacobs supervisor, was also informed of the situation and Plaintiff asked for her assistance.

20. In December 2025, Plaintiff hired a nurse and asked for training.

21. Plaintiff's materials identify Carreta Kemp as the South Carolina Clinical and Compliance Director.

22. Plaintiff's materials identify Ann Brodie as the Vice President of Clinical and Compliance for the whole company and as Carreta Kemp's supervisor.

23. On March 4, 2026, Kimberly Jacobs came to the center.

24. Plaintiff was then suspended that same day and subsequently fired on March 10 after asking about nurse support and speaking to Carreta Kemp over a Ring camera.

25. Plaintiff was told the action was retaliation for "harassing" Carreta Kemp.

26. Ann Brodie was aware of the situation and asked Plaintiff for all of her supporting documents and information prior to her suspension.

27. Defendant's stated reasons for disciplining and terminating Plaintiff were false, pretextual, and motivated by unlawful considerations.

28. In December of the preceding year and March of this year, Plaintiff requested training and nurse support for a nurse she hired and spoke with Carreta Kemp over the Ring camera. These internal complaints and communications constituted protected activity.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, lost benefits, lost earning capacity, emotional distress, humiliation, reputational harm, and other actual and consequential damages.

## FIRST CAUSE OF ACTION

## RACE DISCRIMINATION IN VIOLATION OF TITLE VII

30. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31. Plaintiff is a member of a protected class.

32. Defendant subjected Plaintiff to false accusations, discipline, suspension, and termination.

33. Defendant took these actions against Plaintiff because of her race.

34. Defendant's conduct violated Title VII of the Civil Rights Act of 1964.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

**SECOND CAUSE OF ACTION**

**RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981**

36. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37. Defendant intentionally discriminated against Plaintiff in the making, enforcement, performance, modification, and termination of her employment relationship because Plaintiff is African American.

38. Defendant's conduct violated 42 U.S.C. § 1981.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

**THIRD CAUSE OF ACTION**

**RETALIATION IN VIOLATION OF TITLE VII**

40. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

41. Plaintiff requested training and nurse support for a nurse she hired and spoke with Carreta Kemp over the Ring camera. These complaints and communications constituted protected activity.

42. Defendant knew of those complaints and communications and suspended and then terminated Plaintiff after them, telling her the action was retaliation for "harassing" Carreta Kemp.

43. After Plaintiff engaged in protected activity, Defendant disciplined, suspended, and terminated her.

44. Defendant's retaliatory conduct violated Title VII of the Civil Rights Act of 1964.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

## FOURTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

46. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

47. Plaintiff engaged in activity protected by 42 U.S.C. § 1981 by opposing what she reasonably believed was discriminatory and retaliatory treatment. In particular, Plaintiff requested training and nurse support for a nurse she hired and spoke with Carreta Kemp over the Ring camera regarding those issues.

48. Defendant retaliated against Plaintiff because of that protected activity.

49. Defendant's conduct violated 42 U.S.C. § 1981.

50. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered damages.

## FIFTH CAUSE OF ACTION

### BREACH OF CONTRACT

51. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

52. During Plaintiff's employment, Defendant made binding contractual promises to Plaintiff through [offer letter(s), handbook provisions, disciplinary policies, anti-discrimination policies, investigation procedures, progressive-discipline procedures, and/or other written or oral commitments].

53. Defendant issued the January 26 write-up accusing Plaintiff of discrimination and harassment even though Francis had told Kimberly that the allegations against Plaintiff were unfounded, and Defendant later suspended and terminated Plaintiff.

54. Defendant breached its contractual promises to Plaintiff by, among other things, failing to conduct a fair and honest investigation, issuing false discipline, failing to follow promised procedures, and terminating Plaintiff contrary to its commitments.

55. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages.

## SIXTH CAUSE OF ACTION

## BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

56. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

57. Defendant represented that Plaintiff had let the employee go, but the employee had quit.

58. Defendant accused Plaintiff of discrimination and harassment in the January 26 write-up.

59. Francis had told Kimberly that the allegations against Plaintiff were unfounded.

60. In connection with Plaintiff's suspension and termination, Defendant told Plaintiff the action was based on alleged "harassing" of Carreta Kemp.

61. These false statements, accusations, and pretextual explanations were fraudulent acts accompanying Defendant's breach of contract.

62. Defendant committed these acts knowingly, willfully, and with intent to injure Plaintiff.

63. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered actual, consequential, and punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

1. For actual damages in an amount to be determined by the trier of fact;

2. For back pay, front pay, lost benefits, and all other lost compensation;

3. For compensatory damages, including damages for emotional distress, humiliation, and reputational harm;

4. For punitive damages as allowed by law;

5. For reinstatement, or in the alternative front pay in lieu of reinstatement;

6. For pre-judgment and post-judgment interest as allowed by law;

7. For attorney's fees and costs as allowed by law;

8. For such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By: s/Aaron Wallace_____
Aaron Wallace, Esq (100255)
Ryan McKaig, Esq (104026)
Wallace Law Firm
1416 Laurel Street, STE B
Columbia, SC 29201
PH: 803-766-3997
Fax: 839-218-5786
awallace@wallacefirmsc.com
ryan@mckaiglaw.com

Columbia, South Carolina

June __, 2026